# DANIEL R. LYDDY, EXECUTOR, RESPONDENT, *v.* SELAH CHAMBERLAIN, APPELLANT.

*Judgment roll — what it should contain — right of a party to insist that the report of a referee (which owing to defects therein has been sent back to the referee and a new and amended report been made) shall be included in it.*

APPEAL from an order made at Special Term denying a motion to add to the judgment roll a report made by the referee before whom this action was tried and determined.

The report, which it was claimed on the part of the defendant should be added to the judgment roll, was made by the referee in such general terms as not specifically to show the facts found under the evidence. And at the instance of the defendant an order was afterwards made requiring the report to be amended in several particulars. Under that order it was sent back to the referee, and he made another report which by its terms, seems to have warranted the judgment entered in the case. That report was made a part of the judgment roll, but the original report was omitted from it, and that the defendant desires to have incorporated in the roll.

The court at General Term said: " The report which has been made a part of the roll in no way refers to the one previously made. It is not dependent upon it, or in any manner qualified by it, but the report as it is included in the roll is entirely complete in and of itself. By section 1237 of the Code of Civil Procedure, this report was required to form a part of the roll, and it was only that which constituted the basis for the judgment. The other report, upon which the judgment in no manner depended, was not by the terms of this section required to be made any part of the judgment roll.

If the first report, or anything contained in it, established the fact that any portion of the one which was included in the roll was erroneously or improperly made, the mode of bringing that before the court is by a different proceeding. For that purpose a case must be made including such evidence, documents or other things, forming a part of the proceedings, as may show that the referee erred in any of the conclusions reached by him. When the second report was made, it became for the purpose of the judgment the

referee's report in the action, and it was the only report which, under the requirements made by the Code, could properly form a part of the judgment roll.   If the rights of the defendant require that the preceding report should be brought to the notice of the court for the purpose of properly determining the rights of the defendant in the action, that must be done in the mode already indicated.   It cannot be by adding it to the judgment roll.   The order seems to have been right and it should be affirmed with the usual costs."

*Francis N. Bangs* and *Francis Lynde Stetson*, for the appellant.

*Robert Sewell*, for the respondent.

Opinion by DANIELS, J.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.